IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 1:20 - cv – 002586

CHERI J. COLEY,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

## COMPLAINT

**COMES NOW** the Plaintiff, Cheri J. Coley, by and through her attorney, Michael S. Krieger of Michael S. Krieger, LLC, with her Complaint against the above Defendant, Life Insurance Company of North America ("LINA").

1. This is a civil action for disability benefits and penalties owed to Cheri J. Coley ("Plaintiff"), arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, including 29 U.S.C. § 1132(a). Plaintiff seeks judicial review of the denial of long term disability ("LTD") and/or other benefits by LINA.

### *JURISDICTION AND VENUE*

2. The United States District Court in and for the District of Colorado has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 1132(e)(1).

3. Venue is proper in Colorado, pursuant 29 U.S.C. § 1132(e)(2), because LINA does business in Colorado and has an agent for service of process in Colorado.

## PARTIES

4. Plaintiff is age 60 and resides in Colorado at the time of filing this Complaint.

5. Plaintiff worked for The Denver Hospice ("Denver Hospice") from June 13, 2005, to September 4, 2015.

6. Denver Hospice provided an LTD income plan ("LTD Plan") as an employee benefit to its employees, which LTD Plan covered Plaintiff.

7. At all times relevant hereto, LINA underwrote the LTD portion of an employee benefit plan of Denver Hospice and acted as the claim administrator.

## TIMELINE

8. Plaintiff worked as a Registered Nurse for the Denver Hospice, but at one time worked for a "sister hospice" in Africa, returning quite ill thereafter. Plaintiff returned from Africa to work in Denver, but her illness persisted. Eventually, Plaintiff was found to be disabled under the terms and conditions of the LTD Plan on or around November 14, 2015, and began to receive LTD benefits accordingly.

9. Plaintiff attempted to return to work on multiple occasions since November of 2015, but has only been able to return for sporadic intervals, and then only on a part time basis.

10. Plaintiff's work attempts have been coordinated with Defendant's Work Incentive Benefit program, which is a part of the LTD Plan's provisions.

11. LINA terminated Plaintiff's LTD benefits on December 21, 2015.

12. Plaintiff appealed and LINA's decision denying benefits was overturned by way of a letter from LINA dated July 26, 2016.

13. In November of 2016, LINA approached Plaintiff with a lump sum amount to "buy out" her LTD benefits, which she rejected. On December 9, 2016, LINA notified Plaintiff that another periodic review was forthcoming.

14. On June 17, 2017, LINA notified Plaintiff that there would be another periodic review of her eligibility for benefits.

15. From July 11 -13, 2017, LINA retained investigators to perform surveillance on Plaintiff. LINA's denial appears to be based primarily upon the investigator's written description of "fluid and unrestricted" movements of the Plaintiff. Cigna has failed to produce a copy of the actual 64 minute surveillance video tape despite a request for it.

16. On November 14, 2017, LINA notified Plaintiff that her benefits would be terminated effective December 3, 2017.

17. Plaintiff appealed this latest denial, effective May 31, 2018, submitting additional records in support thereof, including a functional capacity evaluation performed by Kristine Couch, OTR, on May 1-9, 2018.

18. On June 8, 2018, LINA affirmed its denial of benefits, effective December 3, 2017. Plaintiff submitted a voluntary appeal on June 26, 2019, which was "not accepted" by Cigna (as stated in Cigna's July 2, 2019 letter) for vague reasons.

### CLAIM FOR RELIEF

19. Since her return from Africa, Plaintiff has suffered from profound fatigue, brain fog, vertigo, polymyalgia rheumatic, nausea, low back pain, headaches and multiple allergic and anaphylactic responses, extensive rash on her upper thighs, abdomen, and arms, myositis, anxiety and fibromyalgia, among other disorders.

20. Over the past several years, the Plaintiff has sought treatment from over 20 medical and osteopathic physicians from the following fields: orthopedics, neurology, endocrinology, oncology, gastroenterology and other medical fields.

21  Nearly every one of Plaintiff's treating physicians, in addition to Kristine Couch, OTR, who performed a functional capacity evaluation of Plaintiff, supported Plaintiff's disability claim either in questionnaires provided to Cigna, letters, or brief statements endorsing the findings of Ms. Couch.

### *STANDARD OF REVIEW*

22.  Upon information and belief, the LTD Plan does not create or reserve any discretionary authority in LINA to determine eligibility for LTD benefits.

23.   LINA has an inherent and actual conflict of interest in the claims administration process in this case, because LINA determines the validity of Plaintiff's claim and LINA is also responsible for paying all LTD benefits.

24.  In the alternative, any term, provision or clause purporting to provide administrative discretion or deference to LINA to determine eligibility for benefits under the LTD plan, define the terms of the LTD plan or making any plan decisions, is void pursuant to *C.R.S. § 10-3-116*, which makes mandatory a *de novo* review of the entitlement to disability benefits.

25.   In the alternative, the acts and omissions of the LINA, cited elsewhere in this Complaint, constitute procedural irregularities that are serious enough to dial-back the administrative discretion allegedly reserved to the LTD Plan in a degree to be determined by the Court.

26. In the alternative, the acts and omissions of LINA were arbitrary and capricious, subjecting LINA to the remedies sought by Plaintiff.

27. In wrongfully denying benefits to Plaintiff, LINA failed to comply with its fiduciary duties under ERISA, through the following acts and omissions:

    a. Taking actions as a decision-maker, while in an inherent and actual conflict of interest, as LINA is the adjudicator, investigator, payer and underwriter of claims and benefits under the Plan;

    b. Failing to provide any coherent, specific reason for termination of Plaintiff's LTD benefits or denying the Plaintiff's claim for benefits under any LTD Plan provision and failing to perform other duties, more fully described in *29 U.S.C. § 1133 and Regulation 29 C.F.R. § 2560.503.1;*

    c. Failing to respond to Plaintiff's repeated requests for any documents relevant to the *de facto* decision to terminate benefits in violation of *29 CFR § 2560-503-1(j)(3)*; and

    d. Failing to perform other acts which a reasonable, full and fair review of this claim requires under the circumstances of this individual case.

**WHEREFORE**, Plaintiff requests the following from this Honorable Court:

    a. Declaratory relief as may be appropriate, ordering LINA to pay all back-due benefits and reinstate any and all continuing Plan benefits, including but not limited to LTD benefits and group life insurance waiver of premium benefits, if any;

    b. Order LINA to pay prejudgment or other interest on any back-due benefits at the rate set by Colorado law (8%) or other applicable statute;

    c. Order LINA to pay all court costs and reasonable attorney fees pursuant to 29 U.S.C. § 1132(g)(1) and C.R.S. § 10-3-1116(1); and

    d. Grant such other relief as may be proper.

Signed and executed this 25th day of August, 2020.

>***s/Michael S. Krieger***
>Michael S. Krieger
>Michael S. Krieger, LLC
>Noel & Krieger
>165 South Union Blvd., #310
>Lakewood CO 80228
>303-781-5559     Fax: 303-781-1349
>Mike@Krieger.Law
>Attorney for Plaintiff